UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

Plaintiff/Respondent,

vs.

ORDER
Cr. File No. 98-117(MJD/AJB)
Cv. File No. 01-1120 (MJD)

Richard Alan Ducott,

Defendant/Petitioner.

---

Petitioner on his own behalf.

Michael L. Cheever, Assistant United States Attorney for and on behalf of Respondent.

---

The above-entitled matter came before the Honorable Michael J. Davis on a Petition to correct, set aside or vacate Petitioner's sentence pursuant to 28 U.S.C. §2255.

Background

The Petitioner pleaded guilty to Count 1 of the superseding indictment, which charged Petitioner with conspiracy to distribute more than 1,000 grams of a mixture or substance containing a detectable amount of methamphetamine in violation of Title 21 U.S.C. §§ 846 and 841(b)(1)(A). Prior to sentencing, the Court held an evidentiary hearing on March 8 and April 15, 1999, during which time Petitioner was given the opportunity to present evidence in support of his objection to the gun enhancement found at U.S.S.G. § 2D1.1(b)(1), and to present evidence in support of his motion for a downward departure. The Court, after

FILED OCT 0 1 2001
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD________
DEPUTY CLERK________

considering all the evidence, overruled Petitioner's objection as to the Section 2D1.1(b)(1) gun enhancement, and denied his motion for a downward departure. Petitioner was sentenced to a term of imprisonment of 168 months, followed by a five year term of supervised release. Petitioner appealed his sentence to the Eighth Circuit Court of Appeals, arguing that the district court applied the two-level enhancement for gun possession in error, and that the court erred in denying his motion for a downward departure. In an unpublished opinion filed March 24, 2000, the Eighth Circuit affirmed Petitioner's sentence.

On June 21, 2001, Petitioner filed the instance petition pursuant to 28 U.S.C. § 2255, asking that the Court vacate his sentence, and resentence him without the two-level enhancement for gun possession. Petitioner argues that at sentencing, he received ineffective assistance of counsel, and that the application of the two-level enhancement for gun possession violated his rights under the Fifth and Sixth Amendments of the United States Constitution.

Analysis

A petition filed pursuant to 28 U.S.C. § 2255 is not a substitute for a direct appeal. Anderson v. United States, 25 F.3d 704, 706 (8th Cir. 1994). Collateral relief under § 2255 may be available for claims not raised on direct appeal, if: 1) such claims involve jurisdictional or constitutional issues, or involve a fundamental defect which inherently results in a complete miscarriage of justice; and 2) the Petitioner shows cause for the procedural default and resulting prejudice. Id.

A. Timeliness

Section 2255 has a one-year limitation period, which runs from the latest of four possible dates:

> 1) the date on which the judgment of conviction becomes final;
>
> 2)the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> 3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; and
>
> 4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

The Government argues that Petitioner's conviction became final when the Eighth Circuit issued its mandate on May 11, 2000. Because Petitioner did not file this petition until June 21, 2001, it is untimely. In support of its position, the Government cites to two opinions, United States v. Torres, 211 F.3d 836 (4th Cir. 2000) and Gendron v. United States, 154 F.3d 672 (7th Cir. 1998), which held that when a defendant does not file a petition for writ of certiorari to the United States Supreme Court, his/her conviction becomes final when the court of appeals has issued its mandate.

Four other circuits have found that where no petition for a writ of certiorari is filed, the conviction becomes final when the time for filing such a petition has expired. See, United States v. Garcia, 210 F.3d 1058 (9th Cir. 2000); United States v. Gamble, 208 F.3d 536 (5th Cir. 2000); United States v. Burch,

202 F.3d 1274 (10th Cir. 2000); Kapral v. United States, 166 F.3d 565 (3rd Cir. 1999).

The Eighth Circuit has not yet ruled on this issue. However, after reviewing the relevant statutes and case law, this Court will follow the reasoning of the majority of the courts that have addressed this issue.

The minority view based its interpretation of section 2255(1) upon a comparison of the language in section 2255(1) with the language of section 2244(d)(1)(A), the parallel limitation language applicable to state prisoners. Section 2244(d)(1)(A) provides that a conviction is final from "the date on which the judgment becomes final by the conclusion of direct review or the expiration of the time for seeking such review." The courts then held that as Congress included particular language in one section of an act, but omitted such language in another part of the same act, it must be presumed that Congress intended to do so, and language cannot be implied where it is excluded. Gendron, 154 F.3d at 674; Torres, 211 F.3d at 839-840.

The majority view recognized several flaws to this analysis, however. See eg., Karpal,166 F.3d at 573-577; Burch, 202 F.3d at 1277. First, the rule of statutory construction invoked by the minority view is "based on the hypothesis of careful draftsmanship". Kapral, at 579. However, the AEDPA is "not exactly a model of careful statutory drafting." Id. at 578 (citing examples). Second, interpreting section 2255 as it did, the minority did exactly what the rule of statutory construction it invoked cautioned against - implying language where it has been excluded. Burch at 1278.

> Section 2244(d)(1)(A) speaks of a judgment of conviction being final at 'the conclusion of direct review or the expiration of time for seeking such review.' The Gendron court refused to read the phrase 'or the expiration of time for seeking such review' into § 2255, but to interpret the statute as it did, the court necessarily read the phrase 'by the conclusion of direct review' into § 2255. Had the Gendron court truly applied the Russello principle and taken it to its logical conclusion, it would have held that a judgment of conviction is final for purposes of § 2255 when the trial court enters the judgment of conviction on the docket.

Id. Finally, as noted by the court in Kapral, there is "no principled reason to treat state and federal habeas petitioners differently." Id., at 575.

Instead, the majority view held that a judgment of conviction is final after the time for filing a petition to the Supreme Court has expired because such a holding is consistent with the Supreme Court's definition of "final judgment" in the context of retroactivity in habeas reviews - where a conviction is final in "a case in which a judgment of conviction has been rendered, the availability of appeal exhausted, and the time for a petition for certiorari elapsed or a petition for certiorari finally denied." Burch, at 1278 (citing Griffith v. Kentucky, 479 U.S. 314 (1987)). Such a holding also "harmonizes the start of the running of the limitations period with the last date on which the Supreme Court may generally announce a rule that applies to à prisoner's habeas petitioner." Garcia 210 F.3d at 1060 (citing Teague v. Lane, 489 U.S. 288, 310 (1989)).

This Court finds the reasoning of the majority view persuasive and compelling. Therefore, it finds that the Petitioner's conviction did not become final until the time for filing a petition to the Supreme Court expired - ninety days from May 11, 2001. Accordingly, the Petitioner's June 21, 2001 petition is timely.

B. Ineffective assistance of counsel

Petitioner must show that his counsel's performance constituted ineffective assistance of counsel under the test set out in Strickland v. Washington, 466 U.S. 668 (1984). This test requires Petitioner to show that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed by the Sixth Amendment. Id., at 687. Additionally, Petitioner must show that the deficient performance prejudiced the defense. Id.

Petitioner argues that prior to sentencing, counsel did not emphasize the fact that the gun was found in the closet, rather than in the master bedroom. This argument has no merit, however, as this Court's Statement of Reasons clearly provided that "[t]he defendant argues that the loaded shotgun at issue was found in the master bedroom closet. . ." Statement of Reasons, p. 2. The Court did not find to the contrary. Thus, failure to sufficiently argue that the gun was in the closet does not support a claim of ineffective assistance of counsel.

Petitioner also argues that counsel failed to sufficiently challenge the issue of whether the gun was loaded or not. This argument is meritless as well as Petitioner does not discuss the existence of any evidence to support a finding that the gun was not loaded. Petitioner testified at the evidentiary hearing prior to sentencing, and he did not testify that the gun was not loaded.

C. Apprendi claim

Petitioner argues that pursuant to the rule of law set forth in Apprendi v. New Jersey, 530 U.S. 466 (2000), he is entitled to resentencing because the Court applied the gun enhancement to increase his total offense level, which resulted in

a significantly longer sentence. In Apprendi, the Supreme Court held that any fact that increases the penalty beyond the statutory maximum for a particular crime must be submitted to a jury and proved beyond a reasonable doubt.

Petitioner did not raise this argument on appeal, therefore he is procedurally barred from raising it in this petition. United States v. Moss, 252 F.3d 993, 997 (8th Cir. 2001).

Even assuming he was able to assert the argument, Apprendi has no application in this case. Petitioner entered a plea of guilty to the charge of distribution of a controlled substance in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A), which carries a maximum penalty of twenty years. Petitioner received a sentence of 168 months; six years less than that statutory maximum. See, United States v. Aguayo-Delgado, 220 F.3d 926 (8th Cir. 2000).

IT IS HEREBY ORDERED that Petitioner's Motion pursuant to 28 U.S.C. § 2255 to Vacate, Set Aside or Correct his Sentence [Docket No. 147] is DENIED.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Date: Sept. 28, 2001

Michael J. Davis
United States District Court